UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-23407-ALTMAN

ARLENE MITCHELL,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint [ECF No. 1], and states as follows*:

## ANSWER

## PARTIES AND JURISDICTION

1.    Admitted Plaintiff claims damages in excess of $75,000, denied as to her entitlement to same.

2.    Admitted this Court has subject-matter jurisdiction.

3.    Admitted this Court has subject-matter jurisdiction.

4.    Admitted.

5.    Without knowledge, therefore denied.

6.    Admitted for purposes of this litigation only that jurisdiction is proper.

7.    Admitted Carnival maintains an office in Miami-Dade County, Florida.

8.    Admitted Carnival maintains an office in Miami-Dade County, Florida.

9.      Admitted.

## **FACTUAL ALLEGATIONS**

10.     Denied, as this is not a factual allegation.

11.     Admitted Carnival operated the *Conquest* on May 26, 2024.

12.     Admitted Carnival operated the *Conquest* on May 26, 2024.

13.     Admitted Plaintiff was lawfully onboard the *Conquest* on May 26, 2024.

14.     Denied as phrased.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied, including subparts (a) through (g).

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied as phrased.

28.     Denied as phrased.

29.     Denied as phrased.

30.     Admitted Carnival maintained the right to hire and fire its crewmembers.

31.     Denied as an incomplete and inaccurate conclusion of law.

32.     Denied as phrased.

## COUNT I
## NEGLIGENT FAILURE TO REMEDY

33.     Defendant incorporates its responses to paragraphs 1 through 22 and 24 though 26 as though fully set forth herein.

34.     Admitted Defendant owes its passengers a duty of reasonable care.

35.     Denied as an incomplete legal conclusion.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

## COUNT II
## NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION

45.     Defendant incorporates its responses to paragraphs 1 through 23 as though fully set forth herein.

46.     Admitted Defendant owes its passengers a duty of reasonable care.

47.     Denied as an incomplete legal conclusion.

48.     Denied as an incomplete legal conclusion.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

**COUNT III**
**NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE <u>SUBJECT</u>**
**<u>FLOOR AND THE VICINITY</u>**

61.     Defendant incorporates its responses to paragraphs 1 through 22, 25, and 27 through 28, as though fully set forth herein.

62.     Denied.

63.     Denied.

64.     Denied as an incomplete legal conclusion.

65.     Denied as phrased.

66.     Denied as an incomplete legal conclusion.

67.     Denied.

68.     Denied as phrased.

69.     Denied as phrased.

70.     Denied as phrased.

71.     Denied as phrased.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

**COUNT IV**
**NEGLIGENCE FOR THE ACTS OF CARNIVAL'S CREW, STAFF,**
**EMPLOYEES, AND/OR AGENTS, BASED ON VICARIOUS LIABILITY**

83.     Defendant incorporates its responses to paragraphs 1 through 17 and 29 through 32 as though fully set forth herein.

84.     Denied as an incomplete legal conclusion.

85.     Denied as a legal conclusion, including subparts (a) through (d).

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

### COUNT V
### VICARIOUS LIABILITY FOR THE NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT SURFACE AND THE VICINITY AGAINST CARNIVAL

92.     Defendant incorporates its responses to paragraphs 1 through 38, as though fully set forth herein.

93.     Admitted only that this paragraph appears to state what claim Plaintiff is alleging.

94.     Denied as an improper and incomplete legal conclusion.

95.     Denied as phrased.

96.     Denied as phrased.

97.     Denied as phrased.

98.     Denied.

99.     Denied.

100.    Denied as an improper and incomplete legal conclusion.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

**\* Any allegation not specifically admitted to is hereby denied, including the damages sought in the wherefore clause.**

**AFFIRMATIVE DEFENSES**

As separate and complete defenses, based on information and belief, Carnival states as follows:

A.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it. Discovery may reveal Plaintiff and/or her traveling companions' actions caused or contributed to her claimed incident. Discovery may also reveal Plaintiff's treating physicians' actions contributed to her damages.

B.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

C.      Plaintiff has failed to mitigate her losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage. Specifically, medical records to be obtained in discovery may indicate Plaintiff did not seek out medical treatment in a reasonable amount of time or did not follow the advice of her doctors.

D.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

E.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

F.      Any risks complained of by Plaintiff were open and obvious, obviating any duty to warn by Defendant.

G.      General maritime law applies to Plaintiff's claims.

H.      This action is governed by and subject to the terms, limitations, and conditions contained with the Plaintiff's Passenger Ticket Contract.

**\* Discovery has not yet commenced, and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.**

Respectfully submitted,

/s/ Cooper Jarnagin

Michael J. Drahos
Florida Bar No. 0617059
Michael.Drahos@Gray-Robinson.com

W. Cooper Jarnagin
Florida Bar No. 117767
Cooper.Jarnagin@Gray-Robinson.com

Ashley Genoese
Florida Bar No. 1019357
Ashley.Genoese@Gray-Robinson.com

GrayRobinson, P.A.
515 North Flagler Drive
Suite 650
West Palm Beach, Florida 33140
Telephone: (561) 268-5727

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

/s/ Cooper Jarnagin

## SERVICE LIST

**Abby Hernandez Ivey**
Aronfeld Trial Lawyers
One Alhambra Plaza
Penthouse
Coral Gables, FL 33134
305-441-0440
Email: aivey@aronfeld.com

**Matthias Masayasu Hayashi**
Aronfeld Trial Lawyers
1 Alhambra Plaza
Penthouse
Coral Gables, FL 33134
305-441.0440
Fax: (305) 547-9880
Email: mhayashi@aronfeld.com

**Spencer Marc Aronfeld**
1 Alhambra Plaza
Penthouse
Coral Gables, FL 33134
305-441-0440
Fax: 305-441-0198
Email: aronfeld@aronfeld.com