UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CV-23407-ALTMAN

ARLENE MITCHELL,

     *Plaintiff*,

v.

CARNIVAL CORPORATION,

     *Defendant*.

_____/

## PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE

Plaintiff, ARLENE MITCHELL ("Plaintiff"), by and through her undersigned counsel, and pursuant to the Federal Rules of Evidence and this Court's inherent authority to manage the trial, hereby moves *in limine* for an order precluding Defendant, CARNIVAL CORPORATION, its attorneys, and any witness from making any reference—whether directly or indirectly—to the following subjects, each of which is inadmissible under Rules 401, 402, and 403 of the Federal Rules of Evidence, without first approaching the bench outside of the jury's presence and obtaining a favorable ruling.

**I.    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE SPECULATIVE ARGUMENTS REGARDING THE NUMBER OF PRIOR INCIDENTS**.

Plaintiff respectfully requests that Defendant be precluded from introducing evidence of an alleged number of passengers on its ships that did not suffer prior incidents. Without an adequate foundation, such speculative arguments' danger of unfair prejudice also substantially outweighs whatever probative value they might have.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Luck v. Mount Airy No. 1, LLC*, No. 3:12CV887, 2014 WL 4792590, at *2 (M.D. Pa. Sept. 23, 2014) (citing Fed. R. Evid. 401; Fed. R. Evid. 402). However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

**1**
**ARONFELD TRIAL LAWYERS**
[Aronfeld.com](Aronfeld.com)

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Another court in this district found that the defendant should be limited in its ability to argue for lack of prior incidents to the same scope of discovery that the plaintiff had been limited to. *Smith v. Carnival Corporation & PLC*, No. 22-CV-22853, 2023 WL 8370478, at *6 (S.D. Fla. Dec. 4, 2023) ("However, evidence on the lack of prior incidents **shall be limited to no older than five years prior within the class of ships for prior incidents [(the same scope of discovery the plaintiff was limited to)] and no older than three years within this class of ships with prior complaints**. **[(the same scope of discovery the plaintiff was limited to)]**") (emphasis added); *see also Penny v. Royal Caribbean Cruises*, Ltd., No. 22-CV-22543, 2023 WL 5977973, at *4 (S.D. Fla. Sept. 14, 2023) ("Plaintiff moves to exclude evidence or references to absence of injuries involving sports other than pickleball, on ships outside of the Oasis class of ships, and outside of the time frame deemed discoverable. . . . This Motion in Limine is therefore granted.").

In addition to limiting Defendant to the same scope of discovery as Plaintiff was, Plaintiff also respectfully submits that Defendant should be prohibited from introducing evidence of a lack of prior incidents without first laying the foundation. For example, how many passengers actually used the subject surface during the five year prior to the subject incident? What is an acceptable rate of passengers having incidents such as Plaintiff's when compared to other cruise lines, hotels, or other places of public accommodation? Defendant should be prohibited from offering any such evidence or making any such argument as outlined above without first laying the proper foundation.

Plaintiff respectfully submits that this Honorable Court should exclude any speculative argument or evidence of prior incidents beyond the scope agreed by the parties and should prohibit Defendant from introducing evidence of a lack of prior incidents without first laying the proper foundation.

Defendant has indicated that it opposes these requests for relief.

II.      **REQUEST TO PRECLUDE AUTOMATIC COLLATERAL SOURCE SET-OFFS**.

The Eleventh Circuit has unambiguously held that set-offs for medical bill "write offs" **as a matter of law** are improper, ruling that,

The long and the short of it is that, as the Indiana Supreme Court has observed,

the "complexities of health care pricing structures make it difficult to determine whether the amount paid, the amount billed, or an amount in between represents the reasonable value of medical services." *Stanley v. Walker*, 906 N.E.2d 852, 857 (Ind. 2009). In this environment, as we see it, **it would be inappropriate to impose a bright-line rule for the calculation of damages. Rather, in the absence of any legislation clarifying this measure of damage, it is wiser to leave the ultimate determination -- the reasonable value of medical services received by a particular plaintiff in a particular case -- to the jury, upon its consideration of all relevant evidence, notably including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer**.

. . .

Though **we disagree with the courts that cap a plaintiff's damages, as a matter of law, at the amount paid**, we find their reasoning on the evidentiary question persuasive.

*Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1313–14, 1316 (11th Cir. 2020) (emphasis added); *see also Penny v. Royal Caribbean Cruises*, Ltd., No. 22-CV-22543, 2023 WL 5977973, at *5 (S.D. Fla. Sept. 14, 2023) ("Specifically, Plaintiff argues that "[t]he Court should preclude the defendant, its counsel, and witnesses from making any reference to the availability of collateral sources to pay plaintiff's past or future medical bills (e.g., health insurance and/or Medicare)." [T]he **Court grants Plaintiff's Motion in Limine to exclude evidence of collateral sources**.") (emphasis added); *see also Smith*, 2023 WL 8370478, at *7 ("The Court similarly agrees with Plaintiff and determines that this evidence is inadmissible on all potential grounds. Accordingly, Plaintiff's Motion in Limine as to exclusion of judicial set offs is granted.").

Therefore, it is clear that since Plaintiff's damages cannot be capped **as a matter of law** at the amount of her bills that were paid, Defendant is not entitled to a set-off for any such amounts beyond the amount billed, since if the jury finds that any amounts beyond the amount billed were not reasonable and necessary, **that wouldn't be a set-off, that would simply be an adverse finding against Plaintiff**. As such, Plaintiff's motion should be granted.

Defendant has indicated that "We agree to the application of *Higgs v. Costa* to this case."

III.   **DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF OR ARGUING THAT ANY OF PLAINTIFF'S EXPERTS WERE STRUCK UNDER DAUBERT IN OTHER CASES OR WERE INVOLVED IN A MALPRACTICE SUIT.**

Plaintiff anticipates that Defendant will seek to introduce testimony or make arguments to

**3**
**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**

the fact finder that it should reject the opinions of Plaintiff's experts because they may have been sued for malpractice or have been stricken under Daubert.

As an initial matter, whether Plaintiff's experts were sued for malpractice is completely irrelevant to the present action, both because anyone can sue anyone regardless of the merits of such a suit, and because regardless of whatever Plaintiff's experts may or may not have done in the past, the trial is about the present, and Defendant should not be allowed to introduce character or other propensity evidence, especially for a collateral matter such as expert opinions.

Moreover, such evidence and arguments are highly prejudicial, and whatever probative value is extremely minimal, at best, for the same reasons. In this regard, courts outside this district have held that evidence of experts being sued for malpractice is inadmissible. *See Waconda v. United States*, No. CIV 06-0101JB/ACT, 2007 WL 2461624, at *6 (D.N.M. May 31, 2007) ("Dr. Bair also maintains that evidence regarding the other medical malpractice lawsuit against her is "neither admissible to show a disposition to commit such acts, nor admissible to corroborate testimony aimed at proving the specific act at issue in this case. . . . The Court will exclude evidence regarding the other medical malpractice lawsuit presently pending against Dr. Bair.").

Indeed another court in this district heard the same arguments above, and ruled that "**Plaintiff's Motion in Limine to exclude evidence or argument that any of Plaintiff's experts were struck under Daubert in prior cases or involved in a medical malpractice suit is granted**." *Smith*, 2023 WL 8370478, at *8 (emphasis added).

Furthermore, whatever issues Plaintiff's experts may have had in their past are collateral issues that would improperly distract the jury from the main issues in this case.

As another court in this district found,

> Accordingly, Plaintiff's motion in limine to preclude Defendant from referencing any cases where Dr. Zollo was retained, proffered testimony, or was subjected to a Daubert challenge is GRANTED but with leave to renew at trial if Defendant can show the trial judge that Plaintiff has sufficiently opened the door to collateral evidence of other cases in which the expert testified. In so doing, Defendant would have to show why the expert was excluded that relates to the expert's truthfulness or competence and not just that a successful Daubert challenge was raised involving that expert.

*Siplin v. Carnival Corporation*, No. 17-CIV-23741, 2018 WL 3439452, at *6 (S.D. Fla. July 17, 2018). As such, Defendant should be prohibited from introducing evidence or making arguments

**4**
**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**

such as those outlined in this motion.

Defendant has indicated that "For purposes of this litigation only, you can mark us as unopposed."

## IV. DEFENDANT SHOULD BE PRECLUDED FROM MENTIONING WHEN PLAINTIFF'S LAWYERS WERE HIRED.

Plaintiff respectfully requests that Defendant be excluded from mentioning when her lawyers were hired.

Defendants "may not generally introduce evidence of when Plaintiff hired an attorney or of a financial relationship between Plaintiff's law firm and his treating physicians." *Tennant v. Handi-House Mfg. Co*., No. 316CV1276J25MCR, 2018 WL 8248898, at *3 (M.D. Fla. July 26, 2018).

Moreover, any mention as to when Plaintiff's lawyers were hired would be highly prejudicial to her. *See Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1277 (10th Cir. 1999) ("Only evidence relevant to a claim or defense is admissible.") (citing Fed. R. Evid. 402); *see also Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-EAK-EAJ, 2014 WL 1292890, at *1 (M.D. Fla. Mar. 31, 2014) ("A court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") (citing Fed. R. Evid. 403). For example, if the jury hears argument that these lawyers were hired by Plaintiff within a year of her incident, they may incorrectly and unfairly assume that Plaintiff immediately tried to "lawyer up" after her incident.

Moreover, any such mention would then necessitate Plaintiff's counsel explaining to the jury that Defendant requires that suit be brought within one year, which is an unnecessary collateral matter that the jury does not need to be distracted by. Therefore, Defendant should be prohibited from making such arguments, introducing such evidence, or eliciting such testimony.

Defendant has indicated that it opposes these requests for relief.

## V. DEFENDANT SHOULD BE PRECLUDED FROM MENTIONING WHEN OR HOW PLAINTIFF'S EXPERTS OR TREATING PHYSICIANS WERE HIRED, INCLUDING ATTORNEY CLIENT COMMUNICATIONS MADE IN SEEING HER EXPERT PHYSICIANS.

Plaintiff first respectfully requests that Defendant be excluded from mentioning when her experts or treating physicians were hired.

.

Defendants "may not generally introduce evidence of when Plaintiff hired an attorney or of a financial relationship between Plaintiff's law firm **and his treating physicians**." *Tennant v. Handi-House Mfg. Co.*, No. 316CV1276J25MCR, 2018 WL 8248898, at *3 (M.D. Fla. July 26, 2018). Indeed, another court in this district heard the same arguments, and ruled that "**Plaintiff's Motion *in Limine* as to when Plaintiff's experts and treating physicians were hired, and relevant attorney-client communications is granted**." *Smith*, 2023 WL 8370478, at *8 (emphasis added).

Any mention as to when or how Plaintiff's experts or treating physicians were hired would be highly prejudicial to her. *See Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1277 (10th Cir. 1999) ("Only evidence relevant to a claim or defense is admissible.") (citing Fed. R. Evid. 402); *see also Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-EAK-EAJ, 2014 WL 1292890, at *1 (M.D. Fla. Mar. 31, 2014) ("A court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") (citing Fed. R. Evid. 403). For example, if the jury hears argument that these experts or treating physicians were hired by Plaintiff and were hired within a year of her incident, they may incorrectly and unfairly assume that Plaintiff immediately tried to "lawyer up" after her incident.

Any such mention would then necessitate Plaintiff's counsel explaining to the jury that Defendant requires that suit be brought within one year, which is an unnecessary collateral matter that the jury does not need to be distracted by.

Moreover, Plaintiff is concerned that Defendant may ask questions about Plaintiff seeing her expert physicians and communications made in connection therewith. Such testimony is likewise irrelevant and the danger of unfair prejudice outweighs any probative value such testimony might have, **and would be protected by the attorney client privilege**. *See Richardson*, 186 F.3d at 1277; *see also Allstate Ins. Co.*, 2014 WL 1292890, at *1. The fact that Plaintiff's attorneys recommended that she see the expert/hybrid physician(s) that will be testifying at trial is completely irrelevant because this is a routine, recognized, and mutual part of personal injury litigation, Defendant knows this, and if Defendant tries to introduce this testimony, it will serve no purpose other than to attempt to confuse the jury and prejudice Plaintiff. Moreover, it would be highly hypocritical since Defendant itself hired expert physician(s), and there is nothing more scandalous or relevant that Plaintiff's attorneys arranged

for Plaintiff to see expert/hybrid physician(s) than it is that Defendant's attorneys likewise arranged for Plaintiff to see its expert physician(s).

Therefore, Defendant should be prohibited from making such arguments, introducing such evidence, or eliciting such testimony.

Defendant has indicated that it opposes these requests for relief.

**VI.    DEFENDANT SHOULD BE EXCLUDED FROM INTRODUCING EVIDENCE OR ARGUMENT THAT PLAINTIFF'S SYMPTOMS ARE "PSYCHOSOMATIC" OR THAT SHE SUFFERS FROM "SECONDARY GAIN," "SYMPTOM MAGNIFICATION," "SOMATOFORM DISORDER," OR THAT SHE IS "MALINGERING," COMMITTING "FRAUD UPON THE COURT" ATTEMPTING TO "CASH IN A LOTTERY TICKET," OR ABOUT ANY ALLEGED SPOLIATION OF EVIDENCE OR ALLEGED DISCOVERY MISCONDUCT.**

Plaintiff respectfully requests that Defendant be excluded from introducing evidence or argument that Plaintiff is suffering from "psychosomatic" symptoms or that she suffers from secondary gain, symptom magnification, somatoform disorder, or that she is "malingering," "committing fraud upon the Court," or attempting to "cash in a lottery ticket," or about any alleged spoliation of evidence or alleged discovery misconduct. As an initial matter, none of Defendant's experts opine on whether Plaintiff is suffering from any of these conditions, and whether Plaintiff is suffering from such conditions is clearly a medical diagnosis that laypeople are not qualified to render.

Therefore, any mention of such conditions is irrelevant, and whatever probative value it might have is substantially outweighed by the danger of unfair prejudice and confusion. *See Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1277 (10th Cir. 1999) ("Only evidence relevant to a claim or defense is admissible.") (citing Fed. R. Evid. 402); *see also Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-EAK-EAJ, 2014 WL 1292890, at *1 (M.D. Fla. Mar. 31, 2014) ("A court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") (citing Fed. R. Evid. 403); see also *Tennant v. Handi-House Mfg. Co.*, No. 316CV1276J25MCR, 2018 WL 8248898, at *4 (M.D. Fla. July 26, 2018) (**excluding unrelated prior legal matters**); *see also Smith*, 2023 WL 8370478, at *9 ("**In *Penny*, this Court granted the motion in limine as to the term 'Junk Science' due to its 'pejorative connotation that is not helpful to the jury.**'") (emphasis

added) (citing *Penny v. Royal Caribbean Cruises, Ltd.*, No. 22-cv-22543, 2023 WL 5977973, at *8 (S.D. Fla. Sept. 14, 2023)).

If the jury were to hear arguments and/or evidence that Plaintiff suffered from "psychosomatic" symptoms, or that she suffers from secondary gain, symptom magnification, somatoform disorder, or that she is "malingering," "committing fraud upon the Court," attempting to "cash in a lottery ticket," that she allegedly spoliated evidence or that she or her attorneys allegedly committed any discovery misconduct would severely prejudice Plaintiff, and this danger of unfair prejudice outweighs whatever probative value such evidence might have. For example, the jury may unfairly assume that plaintiff's injuries are not real or are imaginary, which is both untrue and extremely prejudicial to Plaintiff. Moreover, any reference to Plaintiff allegedly "committing fraud upon the Court," attempting to "cash in a lottery ticket"  or any allegations of spoliation of evidence or discovery misconduct is clearly highly inflammatory and Defendant has no justification for using such prejudicial and inflammatory language.

Moreover, any such argument by Defendant is completely collateral to the issues for trial, and should be excluded for that reason as well. *See, e.g., Siplin v. Carnival Corporation*, No. 17-CIV-23741, 2018 WL 3439452, at *6 (S.D. Fla. July 17, 2018).

As such, this danger of unfair prejudice outweighs whatever probative value such evidence might have. Therefore, Defendant should be prohibited from introducing such evidence or eliciting such testimony.

Defendant has indicated that it opposes these requests for relief.

## VII. DEFENDANT SHOULD BE EXCLUDED FROM INTRODUCING EVIDENCE OR ARGUMENT REGARDING WHAT PLAINTIFF ALLEGED IN ANY OF HER INITIAL OR AMENDED COMPLAINTS

Plaintiff respectfully requests that Defendant be excluded from introducing evidence or argument regarding what Plaintiff pled in her initial or amended complaints.

Complaints filed in litigation are not evidence, are not sworn testimony, are confusing to the jury, and **the initial or amended complaints filed by Plaintiff are not proper to present to the jury**. *See Seek v. Vail Resorts, Inc.*, No. 2:15CV187DAK, 2017 WL 5197881, at *2 (D. Utah Nov. 9, 2017) ("Rather than relating to a fact of consequence, the Amended Complaint issue relates more to litigation procedures. . . . Defendants argue that they should be able to tell their story with respect to the inclusion of the knee injury in the Amended Complaint, but . . . [t]he

court and jury need not wander off into correct litigation procedures and attorney testimony as part of Defendants' defense.").

Therefore, any mention of the initial or amended complaints, and whatever probative value they might have is substantially outweighed by the danger of unfair prejudice and confusion due, as the jury may unfairly and incorrectly assume that the initial or amended complaints are sworn testimony of Plaintiff, and having to explain that they are not Plaintiff's testimony will be an unnecessarily confusing and wasteful collateral matter. *See Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1277 (10th Cir. 1999) ("Only evidence relevant to a claim or defense is admissible.") (citing Fed. R. Evid. 402); *see also Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-EAK-EAJ, 2014 WL 1292890, at *1 (M.D. Fla. Mar. 31, 2014) ("A court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") (citing Fed. R. Evid. 403); see also *Tennant v. Handi-House Mfg. Co.*, No. 316CV1276J25MCR, 2018 WL 8248898, at *4 (M.D. Fla. July 26, 2018) (excluding unrelated prior legal matters).

Moreover, another court in this district heard the same arguments, and ruled that "**Plaintiff's Motion in Limine as to exclusion of prior complaints is granted**." *Smith*, 2023 WL 8370478, at *10 (emphasis added).

Defendant has indicated that it is unopposed to these requests for relief.

## VIII. DEFENDANT SHOULD BE PROHIBITED FROM MAKING INCORRECT STATEMENTS THAT ITS MEDICAL EXPERTS PERFORMED AN "INDEPENDENT" MEDICAL EVALUATION.

Plaintiff respectfully requests that Defendant be excluded from making incorrect statements that its medical experts performed an "independent" medical evaluation, which is irrelevant, and whatever probative value it might have is substantially outweighed by the danger of unfair prejudice and confusion. *See Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1277 (10th Cir. 1999) ("Only evidence relevant to a claim or defense is admissible.") (citing Fed. R. Evid. 402); *see also Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-EAK-EAJ, 2014 WL 1292890, at *1 (M.D. Fla. Mar. 31, 2014) ("A court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.")

(citing Fed. R. Evid. 403).

It is not disputed that Defendant hired and paid for its medical experts to evaluate Plaintiff, including the compulsory medical examination of Plaintiff. Therefore, there was nothing "independent" about the compulsory medical examination of Plaintiff. If the jury were to hear Defendant refer to this medical examination as an "independent" medical examination, this would severely prejudice Plaintiff because it will make it appear to the jurors that Defendant's doctors are independent, but Plaintiff's are not, and this danger of unfair prejudice outweighs whatever probative value such evidence might have. **However, if this Honorable Court denies this request, that Plaintiff respectfully requests that she also be allowed to refer to her experts as "independent" as well, so that Defendant cannot have a monopoly on the use of such words to refer to their experts. However, Plaintiff respectfully submits that it is better for neither party to incorrectly refer to their experts as "independent" rather than to allow both to**, and therefore Plaintiff hopes that this Honorable Court agrees and prohibits Defendant's experts or Defendant from referring to them or their examinations/inspections as "independent."

Therefore, Defendant should be prohibited from introducing such evidence or eliciting such testimony.

Defendant has indicated that it opposes these requests for relief.

**IX.    PLAINTIFF'S MOTION IN LIMINE THAT DEFENDANT'S CORPORATE REPRESENTATIVE SHOULD NOT TESTIFY DIFFERENTLY THAN DURING THE RULE 30(B)(6) DEPOSITION.**

"Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition." See Order in Limine Granting "the Instant Request for Relief" in *Reed v. Royal Caribbean Cruises, Ltd*., Exhibit 1 at pp. 4-6 ("Here, Plaintiff does not seek to prevent Defendant from presenting other evidence that contradicts Ms. Campos's Rule 30(b)(6) deposition testimony, she merely seeks to prevent Ms. Campos from contradicting her own Rule 30(b)(6) deposition testimony. (See D.E. 128 at 1-2; D.E. 158 at 2.). Because the relevant case law holds that a Rule 30(b)(6) corporate representative may not contradict her deposition testimony at trial, the Court grants Plaintiff's Motion on this issue."); *see also Rainey v. Am. Forest & Paper Ass'n, Inc*., 26 F. Supp. 2d 82, 94-95 (D.D.C. 1998) ("[T]he Rule aims to prevent a corporate defendant from thwarting inquiries during discovery, then staging an ambush during

a later phase of the case.").

Unlike a natural person, corporations rely on people who work for them to look through company documents and speak to people who have knowledge of relevant matters in order "remember" details about what their corporate representatives are asked during their depositions. However, this creates an unfair advantage for corporate defendants that natural person plaintiffs do not have. This is because when a natural person testifies "I don't remember" or "I don't believe so/I think so" during his or her deposition, but later does remember or believes/thinks differently at trial, this can be used by the defense to cast doubt on the plaintiff's credibility by asking the jury why they did not know something before but do know it now. However, this is not the same for corporate defendants, since if Defendant's corporate representatives testify differently at trial, the corporate representative could testify that Defendant was still looking into certain matters during the deposition, and that since it takes time to fully dig through all the materials necessary to testify confidently regarding certain facts, it is perfectly understandable that their testimony might be different at trial, since more information was able to be reviewed at the time of trial than at the time of the deposition.

Therefore, Plaintiff respectfully requests that Defendant be prohibited from eliciting or offering testimony that the corporate representative did not know the answer to during the depositions or that differs from the deposition testimony.

Defendant has indicated that it opposes these requests for relief.

## X.   PLAINTIFF'S UNRELATED PRIOR INCIDENTS, INJURIES, OR MEDICAL CONDITIONS SHOULD BE EXCLUDED.

Plaintiff respectfully requests that Defendant be excluded from referencing any prior incidents, injuries, or medical conditions Plaintiff may have had, which are not related to the injury she is alleging as the subject of this lawsuit, which are irrelevant, and whatever probative value it might have is substantially outweighed by the danger of unfair prejudice and confusion. *See Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1277 (10th Cir. 1999) ("Only evidence relevant to a claim or defense is admissible.") (citing Fed. R. Evid. 402); *see also Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-EAK-EAJ, 2014 WL 1292890, at *1 (M.D. Fla. Mar. 31, 2014) ("A court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") (citing Fed. R. Evid. 403).

**11**
**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**

In *Richardson*, the Tenth Circuit Court of Appeals heard a case with a personal injury component and found that evidence of prior litigation involving the plaintiff should be excluded. *Id.* at 1275-1277.

Plaintiff respectfully submits that any prior incidents, injuries, and medical conditions, not related to Plaintiff's injuries are even less relevant in the case at hand than in *Richardson*, where there, at least the case involved the same Defendant. For example, if the jury hears about Plaintiff's medical treatment for her right hand that was injured when she was putting a wheelchair on a bus approximately one year prior to her incident, Plaintiff's broken arm she suffered as a twelve year old, her prior knee surgery from approximately seven to eight years prior to her incident from a bus accident, or her prior back surgery from approximately ten to fifteen years ago, this would severely prejudice her, and this danger of unfair prejudice outweighs whatever probative value such evidence might have, as the jury may unfairly assume that these prior injuries were related to the injuries she is claiming in the instant case.

Defendant has indicated that it opposes these requests for relief.

## XI. PLAINTIFF AND HER HUSBAND'S UNRELATED PRIOR LAWSUITS OR LEGAL MATTERS SHOULD BE EXCLUDED.

Plaintiff respectfully requests that Defendant be excluded from referencing any prior unrelated lawsuits or legal matters Plaintiff or her husband, Andrew Mitchell, may have had, which are not related to the injury she is alleging as the subject of this lawsuit, which are irrelevant, and whatever probative value it might have is substantially outweighed by the danger of unfair prejudice and confusion. *See Richardson v. Missouri Pac. R. Co.*, 186 F.3d 1273, 1277 (10th Cir. 1999) ("Only evidence relevant to a claim or defense is admissible.") (citing Fed. R. Evid. 402); *see also Allstate Ins. Co. v. Vizcay*, No. 8:11-CV-804-EAK-EAJ, 2014 WL 1292890, at *1 (M.D. Fla. Mar. 31, 2014) ("A court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") (citing Fed. R. Evid. 403).

In *Richardson*, the Tenth Circuit Court of Appeals heard a case with a personal injury component and found that evidence of prior litigation involving the plaintiff should be excluded. *Id.* at 1275-1277.

Plaintiff respectfully submits that any prior lawsuits or legal matters not related to

Plaintiff's injuries are even less relevant in the case at hand than in *Richardson*, where there, at least the case involved the same Defendant. For example, if the jury hears about Plaintiff's prior lawsuit approximately twenty five to thirty years prior to her incident, when she fell down stairs working for the Dade County School System, Southwood Middle School, and suffered bruises, sprains, and other injuries, that she received money from Dade County, her motor vehicle accident in which she injured her back from approximately ten to fifteen years ago, her worker's compensation case from approximately one year prior to her incident in which she hurt her hand, or that Andrew Mitchell had a drug conviction in which he served twelve years in prison, this would severely prejudice her, and this danger of unfair prejudice outweighs whatever probative value such evidence might have, as the jury may unfairly judge her to be a serial litigant and/or untrustworthy.

Defendant has indicated that it opposes these requests for relief.

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(B), undersigned counsel hereby certifies that counsel for Plaintiff has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in this motion. Counsel for Defendant's positions are set out at the end of each separate numbered motion above.

**WHEREFORE**, based upon the foregoing, Plaintiff, ARLENE MITCHELL, respectfully requests the relief sought in her motion *in limine*, and any other relief this Honorable Court deems just and appropriate.

## CERTIFICATE OF SERVICE

We hereby certify that on July 21, 2025, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

ARONFELD TRIAL LAWYERS
1 Alhambra Plaza | Penthouse
Coral Gables, Florida 33134
Tel:  (305) 441- 0440
Fax: (305) 441 - 0198

**13**
**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**

.

Attorneys for Plaintiff

By:    */s/ Matthias M. Hayashi, Esq.*
Spencer Marc Aronfeld, Esq.
Florida Bar Number: 905161
aronfeld@aronfeld.com
Matthias M. Hayashi, Esq.
Florida Bar No. 115973
mhayashi@aronfeld.com

**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**