UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CV-23407-ALTMAN

ARLENE MITCHELL,

     *Plaintiff*,

v.

CARNIVAL CORPORATION,

     *Defendant*.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF HER OMNIBUS MOTIONS IN LIMINE**

Plaintiff, ARLENE MITCHELL ("Plaintiff"), by and through her undersigned counsel, and pursuant to the Federal Rules of Evidence and this Court's inherent authority to manage the trial, hereby files this reply in support of her motion *in limine*.

**I.    PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE SPECULATIVE ARGUMENTS REGARDING THE NUMBER OF PRIOR INCIDENTS.**

Defendant concedes the scope is limited to five years on Conquest-class ships but still wants to "lay foundation" at trial. The problem: even a passing reference before foundation is laid will plant an incurable inference. This Court should exclude the topic unless Defendant first proffers admissible, non-speculative evidence outside the jury's presence.

**II.    REQUEST TO PRECLUDE AUTOMATIC COLLATERAL SOURCE SET-OFFS.**

Defendant appears to agree to the point of Plaintiff's motion, therefore Plaintiff's motion should be granted.

**III.    DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF OR ARGUING THAT ANY OF PLAINTIFF'S EXPERTS WERE STRUCK UNDER DAUBERT IN OTHER CASES OR WERE INVOLVED IN A MALPRACTICE SUIT.**

Defendant is unopposed.

**IV.    DEFENDANT SHOULD BE PRECLUDED FROM MENTIONING WHEN PLAINTIFF'S LAWYERS WERE HIRED.**

.

Defendant is unopposed.

**V.     DEFENDANT SHOULD BE PRECLUDED FROM MENTIONING WHEN OR HOW PLAINTIFF'S EXPERTS OR TREATING PHYSICIANS WERE HIRED, INCLUDING ATTORNEY CLIENT COMMUNICATIONS MADE IN SEEING HER EXPERT PHYSICIANS.**

Defendant is unopposed.

**VI.    DEFENDANT SHOULD BE EXCLUDED FROM INTRODUCING EVIDENCE OR ARGUMENT THAT PLAINTIFF'S SYMPTOMS ARE "PSYCHOSOMATIC" OR THAT SHE SUFFERS FROM "SECONDARY GAIN," "SYMPTOM MAGNIFICATION," "SOMATOFORM DISORDER," OR THAT SHE IS "MALINGERING," COMMITTING "FRAUD UPON THE COURT" ATTEMPTING TO "CASH IN A LOTTERY TICKET," OR ABOUT ANY ALLEGED SPOLIATION OF EVIDENCE OR ALLEGED DISCOVERY MISCONDUCT.**

No disclosed defense expert has diagnosed malingering, somatoform disorder, or "secondary gain." Without that, these labels are lay speculation barred by Rules 701–702. Courts in this District exclude them for their "pejorative connotation" and high 403 prejudice. Once the jury hears Plaintiff is "faking" or "exaggerating," the harm cannot be cured. The exclusion should be categorical unless Defendant makes a proffer and obtains a ruling outside the jury's hearing.

**VII.   DEFENDANT SHOULD BE EXCLUDED FROM INTRODUCING EVIDENCE OR ARGUMENT REGARDING WHAT PLAINTIFF ALLEGED IN ANY OF HER INITIAL OR AMENDED COMPLAINTS**

Defendant is unopposed.

**VIII.  DEFENDANT SHOULD BE PROHIBITED FROM MAKING INCORRECT STATEMENTS THAT ITS MEDICAL EXPERTS PERFORMED AN "INDEPENDENT" MEDICAL EVALUATION.**

These are compulsory exams by paid defense experts. Calling them "independent" suggests court appointment or neutrality, which is false and prejudicial. If the term is not barred, fairness requires both parties be permitted to use it. Better—neither side should.

**IX.    PLAINTIFF'S MOTION IN LIMINE THAT DEFENDANT'S CORPORATE REPRESENTATIVE SHOULD NOT TESTIFY DIFFERENTLY THAN DURING THE RULE 30(B)(6) DEPOSITION.**

Rule 30(b)(6) binds the corporation to testimony on information known or reasonably available at the time. Allowing materially different trial testimony sanctions the very ambush

**2**
**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**

courts reject. Cross-examination is no cure—once the testimony changes, the corporate party gains an unearned credibility advantage over an individual plaintiff.

## X.    PLAINTIFF'S UNRELATED PRIOR INCIDENTS, INJURIES, OR MEDICAL CONDITIONS SHOULD BE EXCLUDED.

Defendant's causation theory is a pretext to parade remote, dissimilar medical history. Such evidence should be limited to substantially similar injuries. Plaintiff's remote left knee arthroscopy and unrelated conditions are minimally probative and substantially prejudicial under Rule 403.

## XI.   PLAINTIFF AND HER HUSBAND'S UNRELATED PRIOR LAWSUITS OR LEGAL MATTERS SHOULD BE EXCLUDED.

Defendant agrees to omit certain topics but seeks to reserve the "circumstances" for impeachment. However, once the jury hears about prior suits, the "serial litigant" inference sticks, and therefore Defendant should still be prohibited from impeaching Plaintiff or her husband with this evidence unless it first approaches the bench and receives a favorable ruling.

**WHEREFORE**, based upon the foregoing, Plaintiff, ARLENE MITCHELL, respectfully requests the relief sought in her motion *in limine*, and any other relief this Honorable Court deems just and appropriate.

### CERTIFICATE OF SERVICE

We hereby certify that on August 11, 2025, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

ARONFELD TRIAL LAWYERS
1 Alhambra Plaza | Penthouse
Coral Gables, Florida 33134
Tel:  (305) 441- 0440
Fax: (305) 441 - 0198
Attorneys for Plaintiff

By:     */s/ Matthias M. Hayashi, Esq.*

**3**
**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**

.

Spencer Marc Aronfeld, Esq.
Florida Bar Number: 905161
aronfeld@aronfeld.com
Matthias M. Hayashi, Esq.
Florida Bar No. 115973
mhayashi@aronfeld.com

**4**
**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**